IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL SAMUEL SEWELL, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:24-cv-247 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| WARDEN MICHAEL UNDERWOOD, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 1) filed by Paul Samuel Sewell ("Petitioner") pursuant to 28 U.S.C. § 2241. For the reasons below, the Court will dismiss the petition.

**I.       Introduction**

Petitioner is an inmate at the Federal Correctional Institution at Loretto, where he is serving a sentence of 276 months' imprisonment that was imposed following his convictions in the United States District Court for the Eastern District of Pennsylvania for multiple counts of sex trafficking of children or adults by force and production of child pornography. *United States v. Sewell*, Case No. 5-10-cr-731-JFL-1.

Petitioner raises four grounds for relief, all of which concern the suspension of his privileges to utilize TRULINCS, the prison email system. (ECF No. 1 at 6-7.) The basis of his claims is his assertion that he has utilized email for years without any misconducts related to the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

system. Thus, he asserts that it is unreasonable to prohibit him from further use. He asserts no constitutional violations.

Respondent filed an Answer (ECF No. 13) and Petitioner filed a Reply. (ECF No. 17.) The Petition is ripe for consideration.

**II.     Discussion**

Respondent argues that this Court lacks jurisdiction over the petition. (ECF No. 13 at 2-3.) In the alternative, Respondent contends that he was well within his authority to suspend Petitioner's email privileges based on the offenses of which he was convicted. (*Id.* at 4-5.)

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). *See also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). However, when a federal prisoner challenges a condition of confinement in a manner that a favorable outcome for the prisoner would not alter his sentence or undo his conviction, the action is properly brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010) (quoting *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Petitioner seeks relief in the form of an order that Respondent restore his email privileges. (ECF No. 1 at 7.) Granting him this relief would not alter his sentence or undo his conviction. Thus, his claims are not cognizable in a federal habeas proceeding. *See Gross v. Warden, USP-Canaan*, 2018 WL 527919, at *9 (M.D. Pa. Jan. 24, 2018). Accordingly, they will be dismissed without prejudice to any right Petitioner may have to assert them through a proper channel.[2]

---

[2] The Court notes that a *Bivens* claim may not be appropriate where Petitioner does not assert a constitutional violation.

3

## III. Conclusion

Based on the above, the Court will dismiss the petition for lack of subject matter jurisdiction.

An appropriate Order follows.

August 28, 2025                                         /s/ Patricia L. Dodge
                                                        PATRICIA L. DODGE
                                                        UNITED STATES MAGISTRATE JUDGE